Chief Justice Robertson,
delivered the opinion of the court.
ÜN an is;iue of plene administravit vel non, in an action of covenant by Miller vs. Barnet as administrator of Towles, the jury found that the administrator had fully administered; and thereupon the circuit court rendered judgment in bar of the action!
After evidence had been given, tending to prove that the administrator had paid some Of the debts due *256 by his intestate, with less than their nominal amount» and that he had bought property of the estate, the circuit judge refused to instruct the jury on Miller’s motion, that the administrator was entitled to a credit for only the amount which he had actually paid, and was chargeable with the value of what he had bought.
If administrator pay off debts of intestate at a discount, he is only entitled to a credit for the sum paid.
Adm’r. may retain any property .and ■pay the ap-- ■ praised value.
Error, on issue of plene ad-ministravit vel non found for defendant, to render judgment in bar of the action; judgment should be in favor of plaintiff, for assets '■quando acdderint.'’
Crittenden, for plaintiff; Monroe, for defendant»
The motion for instructions, was proper and presented the tiue doctrines of the law.
An administrator, being a trustee, should not be allowed more for the debts which he shall have discharged, than the amount which they cost him.
He has no legal right to purchase any of the estate in his hands. He cannot be both seller and buyer. If he convert any of the assets he must therefore, be charged with their appraised value. He may retain a chattel, and advance his own money. He will then be chargeable with the value of tiie thing; when he buys property which is publicly sold, he may hold it in the same way only.
The court also erred in jts judgment on the verdict. As the issue acknowledged the justice of Miller’s demand, the judgment should have been in his favor for the damages to be levied “quando acdderint;” and as the jury tailed to assess damages, either the verdict should have been set aside, or the court, as the damages were liquidated in the covenant, should have assessed them. The assignment of errors does not however, embrace the errors in the form of the verdict and judgment; and they are noticed, only because they might otherwise recur on another trial.
For the error in withholding the instructions proposed, the judgment is reversed and the cause remanded for a new trial.